**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| EXPRESS MOBILE, INC.<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA, INC. AND HOMEAWAY.COM, INC.<br><br>Defendants. | Civil Action No. 6:20-cv-00801 (ADA)<br><br><br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSED MOTION FOR
INTRA-DISTRICT TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

This action has no relevant connection to the Waco Division. Defendants Expedia, Inc. ("Expedia") and Homeaway.com, Inc. ("HomeAway") (collectively, "Defendants") request intra-district transfer, pursuant to 28 U.S.C. § 1404(a), to the Austin Division of the Western District of Texas.

Express Mobile could have and should have filed this case in the Austin Division, in which (i) HomeAway is headquartered, (ii) Defendants have two offices that employ approximately 1,500 employees, (iii) relevant documents and witnesses are found, (iv) trial would be easier and more expeditious, and (v) there is a significant interest in the outcome of the case. In contrast, the Waco Division has no relevant connection to this case – no offices, no documents, no witnesses, and no interest in the outcome. Four of the *Volkwsagen* factors weigh in favor of transfer; the remaining factors are neutral. This case should be transferred to the Austin Division.

Counsel for Plaintiff Express Mobile, Inc. ("Express Mobile") and for Defendants conferred in good faith regarding this motion and Express Mobile has indicated it opposes the relief sought herein.

## STATEMENT OF FACTS

Express Mobile filed suit against Defendants[1] on September 1, 2020,[2] alleging certain online travel websites and related mobile applications infringe on certain of Express Mobile's

---

[1] The initial complaint only named Expedia Group, Inc. as the sole defendant. Dkt. No. 1. On September 21, 2020, Express Mobile amended its complaint to add Expedia, Inc. and Homeaway.com, Inc. Dkt. No. 6. On February 1, 2021, the Court granted the parties' joint motion to dismiss Expedia Group, Inc. Dkt. No. 34.

[2] The same day Express Mobile filed this suit, it filed multiple similar suits in this same Court against various other defendants alleged of infringing the Asserted Patents. *See* Dkt. No. 27, Case Readiness Status Report, pp. 1-3 (identifying 6:20-cv-00802-ADA, 6:20-cv-00803-ADA, 6:20-cv-00804-ADA, 6:20-cv-00805-ADA, and 6:20-cv-00806-ADA as "Related Cases"). On Jan. 22, 2021, Express Mobile, Expedia, HomeAway, and defendants in the Related Cases were instructed to "file a joint proposed scheduling order," including a Case Management Conference

patents – namely patent numbers 6,546,397 (the "397 patent"), 7,594,168 (the "168 patent"), 9,063,755 (the "755 patent"), 9,471,287 (the "287 patent"), and 9,928,044 (the "044 patent) (collectively, the "Asserted Patents"). Dkt. Nos. 1, 6. Express Mobile has accused Expedia of infringing certain patents through the generation of property-specific websites through operation of the Expedia Partner Central portal and the use of Google Maps API on the Expedia, Hotels.com, Orbitz and Travelocity websites (the "Accused Expedia Functionality"). *See* Dkt. No. 6. Express Mobile has accused HomeAway of infringing certain patents through the generation of property-specific websites and the use of Google Maps API on the Vrbo.com website (the "Accused Vrbo Functionality"). *See id.*

In the Amended Complaint, Express Mobile supported venue in the Western District by asserting that Defendants maintain an established place of business at the "Expedia/Vrbo office" in Austin, Texas. Dkt. No. 6 ¶ 26. Neither Expedia nor HomeAway have an office in the Waco Division. Declaration of Cristy L. Denton ("Denton Decl.") ¶ 10. Neither Expedia nor HomeAway maintain a place of business in the Waco Division. *Id.* And there are no Expedia or HomeAway employees in the Waco Division with responsibilities related to the Accused Expedia Functionality or Accused Vrbo Functionality. *Id.*

Rather, Defendants' connections to the Western District of Texas are in the Austin Division. HomeAway is headquartered in Austin. *Id.* ¶ 9. There are two offices in Austin, Texas that house Expedia and HomeAway employees. *Id.* ¶ 5. Expedia and HomeAway together employ approximately 1,500 individuals in those offices. *Id.* ¶ 6. The Austin offices include the majority of (i) HomeAway's officers, (ii) engineers, programmers, and other employees with

---

deemed to have occurred on February 12, 2021 and a joint *Markman* hearing on August 3, 2021. As directed, the parties will file the Joint Proposed Scheduling Order today.

technical responsibilities related to HomeAway's Vrbo website, and (iii) employees with financial and marketing responsibilities with respect to HomeAway's Vrbo website. *Id.* ¶ 9.

Multiple Expedia and HomeAway employees located in the Austin offices have technical responsibilities related to the Accused Expedia Functionality and/or Accused Vrbo Functionality. *Id.* ¶¶ 7, 9. Documents relevant to the Accused Expedia Functionality and to the Accused Vrbo Functionality are located in the Austin, Texas offices, including HomeAway's financial records, documents related to HomeAway's marketing of the accused functionality, if any, documents related to the design and operation of the Accused Vrbo Functionality, and documents related to the design and operation of the Accused Expedia Functionality. *Id.* ¶ 11. In addition, computer servers hosting relevant documents are located in Austin. *Id.* Additional individuals who have knowledge of the Accused Expedia Functionality are located outside the Western District of Texas, in locations from which travel to Austin is quicker and/or less expensive than travel to Waco. *Id.* ¶ 8; *see also* Declaration of Sarah A. Gottlieb ("Gottlieb Decl.") ¶¶ 3-9 and Exhs. 1-6.

The remaining party in this case, plaintiff Express Mobile, also has no relevant connections to the Waco Division that Defendants are aware of. Express Mobile alleges in its complaint that it is incorporated in Delaware and has its principal place of business in California. Dkt. No. 6 ¶ 2. Express Mobile's complaint does not allege it has any connections to the Waco Division or that anything relevant to this case occurred there. Indeed, the only reference to "Waco" in the complaint is in the case caption.

## **LEGAL FRAMEWORK**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have consented."

Transfer is appropriate under § 1404(a) if the civil action "might have been brought" in the transferee venue and the transferee venue is "clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312, 315 (5th Cir. 2008). The Fifth Circuit has adopted eight interest factors, four private and four public, to assess convenience:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (internal quotation marks and citations omitted). "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

## ARGUMENT

The Court should transfer this case to the Austin Division because Express Mobile could have filed this case in the Austin Division and the Austin Division is clearly more convenient than the Waco Division.

### I. Express Mobile Could Have Filed This Case in the Austin Division

The first question the Court must consider is whether this case could have been brought in the transferee venue. *In re Volkswagen of America, Inc.*, 545 F.3d at 315. The answer here, indisputably, is yes. As described in the Statement of Facts, the Austin Division is the only place in this District where Defendants have any ties; indeed, it is where HomeAway is headquartered,

4

where Defendants have two offices, and where Defendants employ approximately 1,500 individuals. Venue in the Austin Division is proper under 28 U.S.C. § 1400(b).

## II. The Austin Division is Clearly More Convenient Than the Waco Division

Courts in the Western District regularly transfer cases to other divisions where the first forum has few or no ties to the action and where another division is more convenient. *E.g.*, *Hammond Development International, Inc. v. Google LLC*, No. 1:20-cv-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020); *Freshub, Inc. v. Amazon.com Inc.*, No. W-19-CV-00388-ADA, 2019 WL 10856832 (W.D. Tex. Sept. 9, 2019) (granting transfer from the Waco Division to the Austin Division where one defendant was headquartered in Austin, another defendant had offices and relevant employees in Austin, neither plaintiff nor any of the defendants were based in or maintained offices in the Waco Division, and no relevant documents existed in the Waco Division); *Datascape, Ltd. v. Dell Technologies, Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) (granting transfer from the Waco Division to the Austin Division); *Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*, No. 1:14–CV–464–LY, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014).

The Austin Division is clearly more convenient where the relative ease of access to sources of proof is easier in the Austin Division, where the cost of attendance for willing witnesses is less in the Austin Division, where all other practical problems that make trial of a case easy, expeditious, and inexpensive favor the Austin Division, where the local interest in having localized interests decided at home favors the Austin Division, and where all other factors are neutral.

### A. The relative ease of access to sources of proof is easier in the Austin Division

The relative ease of access to sources of proof, the first private factor, favors transfer to the Austin Division. In patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009).

Evidence from Expedia and HomeAway relating to the Accused Expedia Functionality and the Accused Vrbo Functionality are found in the Austin Division or outside the District. The Austin Division is where Expedia and HomeAway have two offices, where HomeAway is headquartered, where Expedia and HomeAway employ individuals with technical responsibilities related to the Accused Expedia Functionality and the Accused Vrbo Functionality, where Expedia and HomeAway keep documents and computer servers hosting documents relating to the Accused Expedia Functionality and Accused Vrbo Functionality, and where HomeAway keeps its financial records. Denton Decl. ¶¶ 7, 9, 11.

Neither Expedia nor HomeAway have an office in the Waco Division, maintain a place of business in the Waco Division, have employees in the Waco Division with responsibilities related to the Accused Expedia Functionality or Accused Vrbo Functionality, or keep any documents relevant to this case in the Waco Division. *Id.* ¶¶ 10, 12.

If sources of proof exist in this case in this District, they exist in the Austin Division. The first factor weighs in favor of transfer to the Austin Division.

### B. The cost of attendance for willing witnesses is less in the Austin Division

The third private factor, the "convenience for and cost of attendance of witnesses," also weighs in favor of transfer. *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).

HomeAway is headquartered in Austin. Denton Decl. ¶ 9. Defendants' two offices in the Austin Division house approximately 1,500 HomeAway and Expedia employees. *Id.* ¶¶ 5-6. The Austin offices include the majority of (i) HomeAway's officers, (ii) engineers, programmers, and other employees with technical responsibilities related to HomeAway's Vrbo website, and (iii) employees with financial and marketing responsibilities with respect to HomeAway's Vrbo website. *Id.* ¶ 9. Although Expedia and HomeAway have yet to determine their likely witnesses for trial, it is highly likely that Defendants' trial witnesses will include employees from their Austin offices.

Neither Expedia nor HomeAway have an office in the Waco Division, maintain a place of business in the Waco Division, or have employees in the Waco Division with responsibilities related to the Accused Expedia Functionality or Accused Vrbo Functionality. *Id.* ¶ 10. Expedia and HomeAway are aware of no relevant witnesses in the Waco Division. *See id.*

Given that there are witnesses in the Austin Division, but not in the Waco Division, it makes sense for the Court to transfer this case to the Austin Division. Otherwise, rather than testify at home, Austin-based witnesses would be required to travel more than 100 miles, or more than one and one-half hours by automobile, each way. Due to the significant travel time, and due to the likely unpredictability of testimony and witness scheduling, such Austin-based witnesses would likely be required to wait and possibly stay overnight in Waco. Requiring Austin-based witnesses to expend time and money on unnecessary travel would create an unnecessary burden, easily avoided by holding court in the Austin Division. If this case proceeds in the Austin Division, the Austin-based witnesses would be able to continue working as usual while they wait to be called to testify and not spend the time or expense traveling or waiting.

A trial in the Austin Division would also be more convenient for other Expedia and HomeAway witnesses located outside of Texas. At this time, Defendants anticipate that, in addition to witnesses from Austin, employees from Seattle Washington and/or Chicago, Illinois will be trial witnesses. Travel to Austin, Texas, rather than Waco, Texas, is significantly more convenient for Defendants' Chicago and Seattle witnesses for multiple reasons. It is both faster and cheaper to travel from Chicago or Seattle to Austin than it is from Chicago or Seattle to Waco. Gottlieb Decl. ¶¶ 3-7 and Exhs. 1-4. Further, Defendants' out-of-state witnesses would have the opportunity to work from Expedia's and HomeAway's two Austin offices while waiting to testify in the Austin Division. The out-of-state witnesses do not have this option if trial is held in the Waco Division. Travel from San Francisco, where many of Express Mobile's witness are located, is also faster and cheaper to Austin than to Waco. *Id.* ¶¶ 8-9 and Exhs. 5-6. Accordingly, the time and cost savings to both parties favors transfer to the Austin Division.

Any assertion by Express Mobile that the Austin Division would be less convenient for it should be discounted by the Court for multiple reasons. First, as discussed *supra*, "the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo Co., Ltd.*, 589 F.3d at 1199. Accordingly, although this case is in its early stages and the exact number of witnesses is unknown, Expedia and HomeAway are likely to have more testifying witnesses than Express Mobile. Second, Express Mobile chose to bring its suit in this District and Division, despite having no apparent ties to the Waco Division. Express Mobile cannot candidly complain about transfer within the same District, particularly to a division where travel is easier and less costly for all parties. Indeed, in a related case, Express Mobile filed the declarations of six anticipated witnesses who all averred they are willing to appear in either the Waco Division or the Austin Division. *See Express Mobile, Inc. v. Facebook, Inc.*, Case No. 6:20-cv-00803-ADA (W.D. Tex.)

at Dkt. No. 32, Exhs. 36-41 (Declarations of Ken Brown, David Chrobak, Cheryl Kudelka, Steven H. Rempell, John Rizzo, and Jeff Samuelson.)

The third private factor weighs overwhelmingly in favor of transfer to the Austin Division.

### C. All other practical problems that make trial of a case easy, expeditious, and inexpensive favor the Austin Division

The fourth private factor favors transfer to the Austin Division where this case is in its infancy and where, on information and belief, one or more related defendants have sought or will seek transfer to the Austin Division as primary or alternative relief.

This case is in the early stages, with no scheduling order yet entered. Accordingly, the prompt resolution of this case is unlikely to be affected more than minimally by a transfer. *Mimedx Group, Inc.*, 2014 WL 12479284, at *3 (finding transfer appropriate where the case was initiated only a few months prior and no scheduling order had yet been entered).

In addition, transfer of this case to the Austin Division is likely to make trial more easy and expeditious where there is a likelihood that related cases may proceed together in the Austin Division. *See Hammond Development International, Inc.*, 2020 WL 3452987, at *5. As discussed *supra*, the Court has directed that the parties file a Joint Proposed Scheduling Order in the Related Cases (other than Case No. 6:20-cv-00806, which was dismissed without prejudice) providing for a common case management and *Markman* hearing. Upon information and belief, all remaining defendants in the Related Cases have sought or will seek transfer and one or more of the remaining defendants in the Related Cases have sought or will seek transfer to the Austin Division as primary or alternative relief.

The fourth private factor weighs in favor of transfer.

9

### D. The local interest in having localized interests decided at home favors the Austin Division

Waco has no interest in the outcome of this case. Austin, however, has significant interest in the outcome of this case. HomeAway is headquartered in Austin. Denton Decl. ¶ 9. Two offices in the Austin Division house more than 1,500 HomeAway and Expedia employees. *Id.* ¶¶ 5-6. The Austin offices include the majority of (i) HomeAway's officers, (ii) engineers, programmers, and other employees with technical responsibilities related to HomeAway's Vrbo website, and (iii) employees with financial and marketing responsibilities with respect to HomeAway's Vrbo website. *Id.* ¶ 9. And multiple individuals located in the Austin offices have technical responsibilities related to the Accused Expedia Functionality and Accused Vrbo Functionality. *Id.* ¶¶ 7, 9. Expedia's and HomeAway's presence in the Austin community "militate[s] toward a transfer to" the Austin Division. *Mimedx Group, Inc.*, 2014 WL 12479284, at *3.

The second public interest factor weighs in favor of transfer to the Austin Division.

### E. All remaining factors are neutral

All remaining factors—the second private interest factor and the first, third, and fourth public interest factors—are neutral. Expedia and HomeAway are presently unaware of any unwilling witnesses. Further, the Austin Division is within the Western District of Texas and is similarly-suited to the Waco Division with respect to familiarity with patent law, has similar procedural law (including Local Rules), and is subject to the same or similar administrative difficulties and court congestion. In any event, even if any of these factors weighed slightly against transfer, they are insufficient to move the needle given the other factors' heavy weight in favor of transfer.

## CONCLUSION

The Court should transfer this case to the Austin Division because Express Mobile could have filed this case in the Austin Division and the Austin Division is clearly more convenient than the Waco Division. Accordingly, the Court should grant Defendants Expedia, Inc. and HomeAway.com, Inc.'s Motion for Intra-District Transfer Pursuant to 28 U.S.C. § 1404(a) and transfer this case to the Austin Division.

Dated: February 26, 2021

Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Jeffrey J. Catalano
IL Bar No. 6289197
Email: jcatalano@freeborn.com
Troy D. Smith
IL Bar No. 6297657
Email: tsmith@freeborn.com
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 360-6000
Facsimile: (312)-360-3520

Sarah A. Gottlieb
FL Bar No. 125232
Email: sgottlieb@freeborn.com
FREEBORN & PETERS LLP
201 North Franklin Street, Suite 3550
Tampa, FL 33602
Telephone: (813) 488-2920
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 26th day of February, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants conferred with counsel for Plaintiff regarding the foregoing Motion for Intra-District Transfer. Plaintiff's counsel stated that it is opposed to the relief requested in this motion.

*/s/ Melissa R. Smith*
Melissa R. Smith