**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **EXPRESS MOBILE, INC.,** § | | |
|     *Plaintiff,* § | | |
| § | | **W-20-CV-00801-ADA** |
| *v.* § | | |
| § | | |
| **EXPEDIA, INC., HOMEAWAY.COM,** § | | |
| **INC.,** § | | |
|     *Defendants.* § | | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

Before the Court is Defendants Expedia, Inc. and Homeaway.com, Inc.'s (collectively, "Defendants") Motion to Transfer Venue to the Austin Division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a) (the "Motion"), filed on February 26, 2021. ECF No. 37. Express Mobile, Inc. ("Express Mobile") filed its Response in Opposition on March 12, 2021. ECF No. 41. Defendants filed a Reply on March 19, 2021. ECF No. 43. On August 2, 2021, the Court entered a text order to stay the case pending resolution of this Motion. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court finds that the Motion should be **GRANTED.**

### I.   BACKGROUND

Plaintiff, Express Mobile, is a Delaware corporation with a place of business at 38 Washington Street, Novato, CA 94947. ECF No. 6 at ¶ 2. Express Mobile does not allege that it has employees, does business, or has any connection to the Waco Division of the WDTX. *See generally* ECF No. 6.

Expedia, Inc. ("Expedia") is a Washington corporation that operates the www.expedia.com website and related mobile application. ECF No. 6 at ¶ 4. Homeaway.com, Inc. ("HomeAway") is a Delaware corporation headquartered in Austin that operates the

1

www.vrbo.com website and related mobile application. ECF No. 6 at ¶ 5. "There are two offices in Austin, Texas that house Expedia and HomeAway employees." ECF No. 37 at 2. "Expedia and HomeAway together employ approximately 1,500 individuals in those offices." *Id*. Defendants have no offices in the Waco Division. *Id*.

Express Mobile has alleged Expedia infringed certain patents through the generation of property-specific websites by operation of the Expedia Partner Central portal and the use of Google Maps API on the Expedia, Hotels.com, Orbitz, and Travelocity websites (the "Accused Expedia Functionality"). *Id.*; ECF No. 41 at 3. Express Mobile has alleged HomeAway infringed certain patents through the generation of property-specific websites and the use of Google Maps API on the Vrbo.com website (the "Accused Vrbo Functionality"). ECF No. 37 at 2; ECF No. 41 at 3.

Defendants filed a Motion to Transfer Venue claiming the suit has no relevant connection to the Waco Division. ECF No. 37 at 1.

## II. LEGAL STANDARD

For the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The burden to prove by good cause that a case should be transferred for convenience falls squarely on the moving party. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) ("*Volkswagen II*") ("When viewed in the context of § 1404(a), to show good cause means that a moving party,

in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)); *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Volkswagen II*, 545 F.3d at 315 (stating that when the movant fails to demonstrate that the transferee venue is "clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected") (emphasis added).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Courts "are not to merely tally the

factors on each side." *The State of Texas, et al. v. Google LLC*, No. 4:20-CV-957-SDJ, 2021 WL 2043184, at *2 (E.D. Tex. May 25, 2021) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013)). Additionally, the weight the court gives to each of these factors will necessarily vary from case to case. *Burbank Int'l Ltd. v. Gulf Consol. Int'l Inc.*, 441 F. Supp. 819, 821 (N.D. Tex. 1977).

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 313 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not *clearly more convenient* than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. On the other hand, "when the movant demonstrates that the proposed transferee venue is clearly more convenient, the movant has shown good cause, and the court should transfer the case." *Google*, 2021 WL 2043184, at *2. The "'clearly more convenient' standard is not equal to a clear-and-convincing-evidence standard, but it is nevertheless 'materially more than a mere preponderance of convenience.'" *Id*. (quoting *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-00118-JRG, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019)).

### III. ANALYSIS

The threshold determination for a § 1404(a) analysis is "whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. As a preliminary matter, neither party contests the fact that venue is proper in the Austin Division of the WDTX and that this case could have been filed there. *See* ECF No. 37; ECF No. 41. The Court agrees that this lawsuit could have been filed in the Austin Division.

**A. The Private Interest Factors Weigh**

*i. The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-CV-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 13, 2019). "[T]he question is relative ease of access, not absolute ease of access." *In re Radmax*, 720 F.3d at 288 (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

Defendants argue this factor weighs in favor of transfer because the evidence from Expedia and HomeAway relating to the Accused Expedia Functionality and the Accused Vrbo Functionality are found in the Austin Division or outside the District. ECF No. 37 at 7. Defendants claim that the Austin Division is (1) where Expedia and HomeAway share two offices; (2) where HomeAway is headquartered; (3) where Expedia and HomeAway employ individuals with technical responsibilities related to the Accused Expedia Functionality and the Accused Vrbo Functionality; (4) where Expedia and HomeAway keep documents and computer servers hosting documents relating to the Accused Expedia Functionality and Accused Vrbo Functionality; and (5) where HomeAway keeps its financial records. *Id.* Additionally, Defendants do not have offices in the Waco Division, maintain a place of business in the Waco Division, or keep any documents relevant to this case in the Waco Division. *Id*. Defendants state, "if sources of proof exist in this case in this District, they exist in the Austin Division." *Id*.

5

Plaintiff, Express Mobile, argues that this factor is neutral. ECF No. 41 at 4–5. Express Mobile asserts Defendants only provide vague assertions and unknown relevance and location of potential sources of proof that would prevent the weighing of this factor without mere speculations. *Id.* Express Mobile asserts that keeping the case before this Court won't diminish access to proof when some, if not all, of the documents are on servers. *Id.*

In Reply, Defendants assert keeping relevant documents relating to the Accused Expedia Functionality and Accused Vrbo Functionality and computer servers with relevant documents in Austin distinguish this case from speculative allegations. ECF No. 43 at 1–2. Additionally, Defendants assert that the physical location of electronic documents still affects the outcome of this factor under current Fifth Circuit precedent. *Id.*

This Court has made clear that witnesses are not sources of proof to be analyzed under this factor. The Court considers only documents and physical evidence. *Netlist, Inc. v. SK Hynix Inc. et al*, No. 6:20-cv-00194-ADA (W.D.T.X. February 2, 2021) ("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' as opposed to witnesses.") (citing *Volkswagen II*, 545 F.3d at 315 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division")); *see also In Re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. Nov. 9, 2020) ("[t]his factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence"). Therefore, analyses pertaining to witnesses will be assessed under the second or third private factors.

"The Austin Division is where Defendants 'keep documents and computer servers hosting documents relating to the Accused Expedia Functionality and Accused Vrbo Functionality, and where HomeAway keeps its financial records.'" ECF No. 43 at 1. Express Mobile does not claim relevant documents are in the Waco Division, and Defendants claim there

are no documents related to the case in the Waco Division. ECF No. 41 at 4–5; ECF No. 37 at 6. Thus, relevant documents are stored in the Austin Division, not the Waco Division. Therefore, the Court finds that the relative ease of access to sources of proof factor weighs in favor of transfer.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Both Parties agree this factor is neutral. The Court similarly agrees. ECF No. 37 at 10; ECF No. 41 at 5.

### iii. The Cost of Attendance for Willing Witnesses

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 WL 4743678, at *6. The Fifth Circuit has established the "100-mile rule," providing that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. That does not, however, mean that this factor is neutral when the transferor and transferee divisions are within less than 100 miles of one another. *Id.*

Defendants assert that individuals with technical responsibilities related to the Accused Expedia Functionality are in the Austin Division, Seattle, Washington, and Chicago, Illinois, among other places. Denton Decl., ECF No. 37-1 ¶¶ 7–10. Defendants also assert that the majority of individuals who have responsibilities related to HomeAway's Vrbo website are located in the Austin Division. *Id.* The Defendants do not have an office in the Waco Division, and there are no Expedia or HomeAway employees in the Waco Division with responsibilities relating to the Accused Expedia Functionality or Accused Vrbo Functionality. *Id.* The Court

7

notes that the Defendants have yet to determine their likely witnesses. ECF No. 37 at 7. Only one individual is listed by name as a likely witness in Defendants' Reply. ECF No. 43 at 2.

Defendants argue this factor weighs in favor of transfer because if this case proceeds in the Waco Division, there would be great cost and inconvenience to Defendants' witnesses. *Id.* at 7–8. Defendants argue the Austin-based witnesses would spend time and money on unnecessary travel and hotels and it is faster and cheaper for the out-of-state witnesses to fly to Austin instead of Waco. *Id.* at. 8–9. Defendants also argue the Austin Division is more convenient for their Austin-based employees and out-of-state employees because they will be able to work in Defendant's Austin offices while waiting to be called to testify. *Id.* Finally, the Defendants argue the Austin Division will not be less convenient for Express Mobile because it has no ties to Waco, travel is easier and less costly, and some of its witnesses declared a willingness to travel to Waco or Austin in a different case. *Id.*

Express Mobile states this factor is neutral. ECF No. 41 at 5. Express Mobile argues the Court cannot accord any weight to Defendants' assertion that Waco is less convenient because Defendants fail to identify a single witness by name, position, or address. *Id.* Express Mobile also states the Defendants' employees have the ability to work virtually while waiting to testify if the case remains in the Waco Division. Express Mobile makes clear that the burden of traveling to this Court, including flights and hotels, should be given little persuasive weight. ECF No. 41 at 6–7. Finally, Express Mobile argues a witness's declaration in another case of their willingness to travel to either Waco or Austin for trial in no way supports transfer from Waco to Austin. *Id.* at 7.

Defendants provide the details of only one Austin-based witness by name. ECF No. 43 at 2. The remainder of the likely witnesses allegedly may come from Defendants' offices in Austin.

8

ECF No. 43 at 2. Other likely employee witnesses work in Washington and Illinois, among other places. Denton Decl., ECF No. 37-1 ¶¶ 7–10. The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, 6:12-CV-100 LED-JDL, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013) (holding that the Court could not weigh this factor without identification of the individuals). Furthermore, Defendants fail to indicate whether such employees, having referred to all technically responsible employees, are likely to testify. Reference to an entire workforce lacks the specificity required for this Court to properly weigh this factor. Thus, more weight is given to the costs of attendance the identified likely witness will endure compared to the vague category of technical employees. Moreover, given the proximity of Waco and Austin, any alleged inconvenience for either Austin-based or out-of-state potential witnesses is minimal.

Defendants' identified witness would be 93 miles away from his office, or 107 miles away from his home, should this case proceed in the Waco Division. ECF No. 43-1 ¶ 5. Any inconvenience endured by the potential witness is minimal, given the short distance and travel time. *See RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, No. 6:18-CV-00367, 2019 WL 10349405, at *4 n. 5 (W.D. Tex. Feb. 20, 2019). The same analysis applies to all other Austin-based employees, though unnamed and categorized as potential witnesses.

Similarly, the Court is not persuaded by Defendants' argument that it would be faster for its out-of-state employees to travel to Austin instead of Waco. As supported by Defendants' Motion, the majority of flights to Austin typically go through a connecting airport on the way, including Houston or Dallas, which makes the distance and time to fly into Dallas and drive to Waco relatively the same as flying to Austin. ECF No. 37-4, 5. Moreover, concerns about the

difficulties of travelling to Waco are misplaced, as arguments concerning forums that are in less-populated parts of the country would lead to the transfer of all cases to courts in big cities.

No potential witnesses reside in Waco. One named witness resides in Austin. Other employees with technical expertise reside in Austin, but the Court has little indication that such employees are likely to testify. The Court gives the out-of-state witnesses little weight, given the vague reference to said employees, the short distance between Austin and Waco, and the need to travel regardless of venue. Noting the trial will impact few, if any, Austin-based witnesses, the Court finds the factor weighs only slightly in favor of transfer.

### iv. All Other Practical Problems that make trial of a case easy, expeditious, and inexpensive

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . . pertaining to the same underlying technology and accusing similar services, . . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010). The fact that a transfer would not result in a delay of the case does not equate to support for the transfer of venue and, without more, merely results in this factor being resolved as neutral. *USC IP P'ship, L.P. v. Facebook, Inc.*, 6-20-CV-00555-ADA, 2021 WL 860007, at *4 (W.D. Tex. Mar. 8, 2021).

Defendants argue this factor weighs in favor of transfer because the prompt resolution of this case would be minimally affected by transfer given the case is in its early stages. ECF No.

37 at 9. Defendants also argue one or more related defendants have sought or will seek transfer to the Austin Division as primary or alternative relief. *Id.* Defendants claim transfer will make the trial easier and more expeditious where there is a likelihood that related cases may proceed together in the Austin Division. *Id.*

Four other related-cases concerning the patents-in-suit were pending in this Court at the time of this Motion, with pending motions to transfer to the Northern District of California in each case. *Id.* at 1; ECF No. 41 at 7. The Defendants in some, not all, of the related cases sought alternative relief of a transfer to the Austin Division. ECF No. 37 at 9; ECF No. 41 at 7–8.

Express Mobile argues that this factor weighs heavily against transfer. ECF No. 41 at 8. Express Mobile asserts that the stage of the case does not favor transfer. *Id.* Express Mobile also argues it is not likely all related cases will end up in the Austin Division and consolidate because the Court would have to deny the primary relief sought, decline to keep the cases in the Waco Division, transfer all cases to the Austin Division including those not requesting transfer to Austin, and have all cases be assigned to the same judge. *Id.* at 8.

In response, Defendants argue that consolidating cases to make trial easier and more expeditious does not require transfer of all cases. ECF No. 43 at 4. Defendants further argue the possibility that any of the related cases may be consolidated promotes judicial economy and conserves resources. *Id.*

The Court is not persuaded by Defendants' argument about the stage of the case favoring transfer.  The fact that a transfer would not result in a delay of the case does not equate to support for the transfer of venue and, without more, merely results in this factor being resolved as neutral. *USC IP P'ship, L.P.*, 2021 WL 860007, at *4. Additionally, the Court previously

11

stayed this case in light of the multiple transfer motions in the related cases.[1] Given the resolution of each of the cases, namely that none of the related cases remain in Waco nor were transferred to the Austin division, the Court finds this factor is neutral.

### B. Public Interest Factors

#### *i. The Administrative Difficulties Flowing from Court Congestion*

The relevant inquiry under this factor is "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).

Defendants assert this factor is neutral because both courts are subject to similar administrative difficulties and court congestion. ECF No. 37 at 10. In opposition, Express Mobile claims this factor weighs heavily against transfer. ECF No. 41 at 9. Express Mobile argues there will be significant delays in adjudication on the merits if transferred to the Austin Division because the Austin Division has not had a jury trial since March 2020, is not scheduling jury trials, and has a backlog of cases because of COVID-19 protocols. *Id.* Additionally, this Court has a head start because the case has been pending since early fall last year. *Id.*

In Reply, Defendants continue to assert this factor is neutral. ECF No. 37 at 10. Defendants argue both courts are similarly situated, and transfer would minimally affect the timing of the ultimate resolution because substantive proceedings have yet to occur. *Id.* at 9. Defendants also argue any delay from the backlog is speculative because the case is not scheduled for trial until the fall of 2022. *Id.* Defendants further state transfer could reduce

---

[1] *Express Mobile, Inc. v. eBay Inc.*, 6:20-cv-00802, ECF No. 62 (granting eBay's Motion to Transfer to the Northern District of California ("NDCA")); *Express Mobile, Inc. v. Facebook Inc.*, 6:20-cv-00803, ECF No. 70 (granting Facebook's Motion to Transfer to the NDCA); *Express Mobile, Inc. v. Google LLC*, 6:20-cv-00804, ECF No. 89 (transferring to the NDCA); *Express Mobile, Inc. v. Atlassian Corp. PLC et al*, ECF No. 84 (transferring to the NDCA); *Express Mobile, Inc. v. Dropbox, Inc.*, ECF No. 26 (dismissing pursuant to the parties' stipulation of dismissal without prejudice).

congestion and hasten resolution because a past case stated this Court is extremely busy and has at least one trial scheduled every month from now through 2022. *Id*.

The Parties fail to provide statistics or evidence that one division can bring the case to trial and resolve it faster than the other. Express Mobile claims that the Austin Division is slower because it has not had a jury trial since March 2020 and has a backlog of cases because of COVID-19. ECF No. 41 at 9. However, since the parties briefing, the Austin Division has rescheduled and held jury trials. Therefore, the Court finds this factor is neutral.

### *ii. Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Defendants argue this factor favors transfer. ECF No. 37 at 10. Defendants argue Waco has no interest in the outcome of this case while Austin has a significant interest. *Id*. Defendants claim Austin has a significant interest because (1) HomeAway is headquartered in Austin; (2) the Austin offices include the majority of (i) HomeAway's officers, (ii) engineers, programmers, and other employees with technical responsibilities related to HomeAway's Vrbo website, and (iii) employees with financial and marketing responsibilities with respect to HomeAway's Vrbo website; and (3) multiple individuals located in the Austin offices have technical responsibilities related to the Accused Expedia Functionality and Accused Vrbo Functionality. *Id*.

Express Mobile argues that this factor is neutral because the technology is prevalent throughout the United States, including Waco, and the people of Waco have an interest in the enforcement of valid intellectual property rights. ECF No. 41 at 10.

In Reply, Defendants argue every other geographical region in the United States has the same interest as the "local" interest claimed by Express Mobile. ECF No. 43 at 5. Defendants assert Austin has a particular local interest. *Id*.

Assuming the prevalence of the technology throughout the United States is a factual connection between the events and the Waco Division, it is also a factual connection between the events and the Austin Division. National interests become no more localized in one venue over another absent unique facts. There are no Expedia or HomeAway employees in the Waco Division with responsibilities relating to the Accused Expedia Functionality or Accused Vrbo Functionality. Denton Decl., ECF No. 37-1 ¶¶ 7–10. Many of Defendants' employees who have technical responsibilities related to the Accused Expedia Functionality and Accused Vrbo Functionality work in Austin, and HomeAway is headquartered in Austin. ECF No. 37 at 10. Thus, this suit affects local Austin interests more acutely. Therefore, the Court finds this factor weighs in favor of transfer.

### *iii Familiarity of the Forum with the Law that Will Govern the Case*

The Court agrees with both parties. This factor is neutral. ECF No. 37 at 10; ECF No. 41 at 10.

### *iv Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law*

The Court agrees with both parties. This factor is neutral. ECF No. 37 at 10; ECF No. 41 at 10.

## IV.   CONCLUSION

Having considered the private and public interest factors, the Court's findings for each factor are summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Weighs in favor of transfer |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Cost of attendance for willing witnesses | Weighs slightly in favor of transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Weighs in favor of transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

For the aforementioned reasons, the Court finds that Defendants have shown the Austin Division is a clearly more convenient forum. In sum, having found two factors that favor transfer and one factor that slightly favors transfer—with all other factors being neutral—the Court finds Defendants have met their burden to warrant transfer of this case to the Austin Division.

IT IS THEREFORE ORDERED that the Court **GRANTS** Defendants' Motion. The Clerk of the Court shall transfer this case to the Austin Division of the United States District Court for the Western District of Texas for all further proceedings.

SIGNED this 15th day of December, 2021.

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**